UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

YOUREE HALL )   Case No. 13-539-GPM
Reg. No. 36495-044 )
Federal Medical Center Butner )
P.O. Box 1600 )
Butner, North Carolina  27509 )
 )
            Plaintiff, )
 )
  -vs- )
 )
UNITED STATES OF AMERICA )
c/o United States Attorney for )
  the Southern District of Illinois )
9 Executive Drive )
Fairview Heights, Illinois  62208 )
 )
            Defendant. )



FILED

JUN 1 0 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

COMPLAINT

Youree Hall, Plaintiff herein, proceeding pro se, herewith claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., against Defendant United States of America as follows:

1.  Plaintiff:  The plaintiff is Youree Hall, a natural person who at all times relevant to the Complaint up to the date of filing, was and remains a prisoner in the custody of the Federal Bureau of Prisons.  This proceeding is subject to relevant provisions of the Prison Litigation Reform Act of 1995, Pub.L. 104-134, 110 Stat. 1321.

2.  Defendant:  The Defendant is the United States of America, as required by 28 U.S.C. § 2674, based on the actions and omissions of employees of the Federal Bureau of Prisons acting within the scope of their office or employment.  The Federal Bureau of Prisons (hereinafter "BOP") is an agency of the United States within the meaning of 28 U.S.C. § 2671.

3. <u>Jurisdiction and Venue</u>: Plaintiff raises a claim of against Defendant pursuant to the <u>Federal Tort Claims Act</u>, <u>supra</u>. This Court has jurisdiction to hear such a claim pursuant to 28 U.S.C. § 1346(b). The Court has venue to hear this claim because all the acts and omissions of BOP employees are alleged to have occurred at the Federal Correctional Institution at Greenville, Illinois, located within the territorial jurisdiction of the United States District Court for the Southern District of Illinois. 28 U.S.C. § 1402(b). Said Federal Correctional Institution at Greenville shall be referred to herein as "FCI Greenville."

4. <u>Exhaustion of Remedies</u>: The event which underlies this claim occurred on July 31, 2012. Thereafter, Plaintiff filed an administrative tort claim with the BOP (Administrative Claim Number TRT-NCR-2012-06082). The BOP denied that claim on March 6, 2013. Thus, Plaintiff's claim was filed within two years of the accrual of the cause of action, and this action is filed within six months of the denial of said administrative tort claim. 28 U.S.C. § 2401(b).

5. <u>Matters Relating to § 1915A Screening</u>: Plaintiff has filed no prior lawsuits relating to the claims presented herein, nor has he ever filed any lawsuit in any court related to his imprisonment.

6. <u>Statement of Facts</u>: On or about July 31, 2012, Plaintiff was located in a dayroom at FCI Greenville when he suffered a seizure of unknown origin, which caused him to have a convulsion. At the time of said convulsion and continuing at all times to the date of this <u>Complaint</u>, the BOP had and continues to have the

duty to provide for the safekeeping, care and subsistence of persons committed to its custody. Such duty of care includes without limitation the duty to provide medical care - including first aid - and to use the minimal amount of physical force reasonably necessary to secure and protect inmates and those persons around inmates. Such duty also includes the obligation to properly train correctional officers and medical personnel in the proper response to accidents and medical emergencies.

7. When Plaintiff entered into a convulsion, correctional officers and medical personnel responded to the medical emergency. Plaintiff's convulsion continued as the correctional officers forcibly secured Plaintiff by his arms so as to transport him to Health Services. The correctional officers continued to try to secure Plaintiff while his convulsions occurred, with the result that both of his shoulders were dislocated, and his right humeral head was fractured.

8. At the time Plaintiff had his convulsion, the BOP knew and reasonably knew that well-established first aid protocol dictated that a person having a convulsion should not be forcibly restrained, but rather permitted to convulse in an area that has been emptied of objects with which he or she may collide and injure himself or herself.

9. The pain of the dislocations and fracture was so intense that Plaintiff involuntarily spat on one of the officers. The pain continued through and after surgery, and continues up to the date of this <u>Complaint</u>, as does a permanent loss of mobility in Plaintiff's shoulders and arms.

10. Had the correctional officers employed proper first aid techniques and appropriate levels of restraint to Plaintiff during his convulsions, Plaintiff's shoulders would not have been dislocated and his right humeral head would not have been broken. Had the medical staff person discharged his or her duty to Plaintiff, he or she would have sought to prevent the correctional officers from forcibly restraining Plaintiff, and Plaintiff's shoulders would not have been dislocated and his right humeral head would not have been broken. Finally, had the BOP properly trained its correctional officer personnel in first aid treatment, specifically in managing a prisoner during a convulsion, the correctional officers would not have been forcibly restraining Plaintiff during the convulsion, and his shoulders would not have been dislocated and his right humeral head broken.

## COUNT 1

11. The statements of fact set out in Paragraphs 1 through 10 are incorporated herein by reference as if set out fully.

12. By the errors and omissions of its employees, acting within the scope of their employment, in applying forcible restraint to Plaintiff while he was having a convulsion, Defendant United States of America is responsible for said employees having breached their duty of care to Plaintiff.

13. As a result of the correctional officers' breach of their duty of care, Plaintiff was injured, and has suffered and continues to suffer from said injuries.

14. Because of Defendant's duty to Plaintiff, the breach by its employees of that duty to Plaintiff, and Plaintiff's

resultant injury and damages, Defendant is liable to Plaintiff for negligence.

### COUNT 2

15.  The statements of fact set out in Paragraphs 1 through 14 are incorporated herein by reference as if set out fully.

16.  The medical staff person who accompanied the correctional officers in escorting Plaintiff to Health Services had a duty to warn the correctional officers that their forcible restraint of Plaintiff was contrary to the standard of care for first aid in the case of convulsions.  As a result of his or her breach of that duty, Defendant United States of America is responsible for said medical staff person having breached his duty to Plaintiff.

17.  As a result of the medical staff person's failure to warn the correctional officers that their forcible restraint of Plaintiff during his convulsion was contrary to the standard of care for first aid in such cases, Plaintiff was injured, and has suffered and continues to suffer from said injuries.

18.  Because of Defendant's duty to Plaintiff, the breach by the medical staff person of that duty to Plaintiff, and Plaintiff's resultant injury and damages, Defendant is liable to Plaintiff for negligence.

### COUNT 3

19.  The statements of fact set out in Paragraphs 1 through 18 are incorporated herein by reference as if set out fully.

20. The BOP has a substantial number of inmates who are subject to seizures, located at prisons and correctional facilities throughout the country. Nevertheless, the BOP has failed in the first aid training it has provided its correctional officers and persons on its staff who may be called upon to provide duties that bring them in direct contact with inmates to properly train said employees in the proper technique for treating a person who is having a convulsion.

21. As a result of the BOP's failure to properly train its employees in such first aid, the correctional officer improperly and forcibly restrained Plaintiff during his convulsion, and Plaintiff thus was injured.

22. Because of Defendant's duty to Plaintiff, the breach by the BOP of its duty to properly train its correctional officers and other employees, and Plaintiff's resultant injury and damages, Defendant is liable to Plaintiff for negligence.

## DAMAGES

23. The statements of fact set out in Paragraphs 1 through 22 are incorporated herein by reference as if set out fully.

24. Plainitff suffered intense and continuing pain from his dislocated shoulders and broken right humeral head, from the surgery to repair the same, and from chronic pain and loss of mobility resulting from the injuries and continuing up to the date of this Complaint. Plaintiff will continue to suffer from pain and loss of mobility for the remainder of his natural life. He currently is 42 years of age.

25. The negligence of Defendant's employees and its agency has damaged Plaintiff in an amount to be proved at trial in the amount of more than $10 million but not more than $11,500,400.

WHEREFORE, Plaintiff prays for judgment in the amount of at least $10 million but not more than $11,500,400, costs of this action as taxed by the court, Plaintiff's costs of prosecuting this action, and for such other relief as the Court may find to be just and equitable in the premises. The statements of fact made herein are true, under penalty of perjury.

Executed May 14, 2013

*[signature]*
Youree Hall
Reg. No. 36495-044
Federal Medical Center Butner
P.O. Box 1600
Butner, North Carolina  27509